**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SHAOGUANG LI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 14-40117-DHH** |
| ELIZABETH HAYES, | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**
**May 14, 2015**

Hennessy, M.J.

Before me are two motions.[1]  Defendant Elizabeth Hayes has moved to dismiss

the complaint (Docket #38), which pro se plaintiff, Shaoguang Li, opposes.  Li has

moved for leave to amend the complaint (Docket #44),[2] which Hayes opposes.  On April

15, 2015, the parties appeared before me for a hearing on the two motions.  (Docket #64).

The motion to dismiss the complaint REMAINS UNDER ADVISEMENT

pending a final decision on the motion to amend the complaint.  For the reasons stated on

the record at the hearing, the motion to amend the complaint will be DENIED with

respect to the legal claims proposed at paragraph 5 of the amended complaint for:  (a)

forgery, (b) fraud, and (c) conspiracy.  (Docket #59-1, p.3).  As explained, these proposed

claims are rife with pleading defects, and allowing leave to amend the complaint to

---

[1]  There are also other pending motions related to the parties' efforts to engage in discovery.  If this case is not dismissed pursuant to either Rules 12(b)(1) or 12(b)(6), the court will address these motions in a future order, if necessary.

[2]  Li filed his motion without a supporting memorandum, or a proposed amended complaint.  I ordered Li to file the same (Docket #51).  On April 8, 2015, Li filed a memorandum in support of his motion, with the proposed amended complaint attached as an exhibit.  (Docket #59).

include these claims would be futile and simply generate unnecessary and expensive

motion practice, in violation of the purpose of the Federal Rules of Civil Procedure. See

Fed. R. Civ. P. 1.

The motion to amend the complaint REMAINS UNDER ADVISEMENT

concerning Li's request to amend his complaint to assert the legal claim proposed at

paragraph 5(d), for intentional infliction of emotional distress. (Id.). Hayes has opposed

the amendment because, among other things, Hayes questions whether this claim

involves damages of at least $75,000 to satisfy the jurisdictional threshold set out at 28

U.S.C. § 1332.[3] The court appreciates Hayes' position. On the other hand, the standard

for assessing a damage allegation and determining whether it supports an exercise of

diversity jurisdiction is very stringent. It is as follows:

> A plaintiff's general allegation of damages that meet the amount requirement
> suffices unless questioned by the opposing party or the court. However, once the
> opposing party has questioned the amount, **the party seeking to invoke**
> **jurisdiction has the burden of alleging with sufficient particularity facts**
> **indicating that it is not a legal certainty that the claim involves less than the**
> **jurisdictional amount**. This burden may be met by amending pleadings or
> submitting affidavits.

Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012) (internal quotations omitted)

(emphasis added). This court recognizes that in assessing Li's pleadings and affidavits, pro se

pleadings are construed generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v.

New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). However, "pro se status does not

insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt,

118 F.3d 886, 890 (1st Cir. 1997).

---

[3] If the court was to allow the amended complaint, it would only contain one count for
intentional infliction of emotional distress.

In this court's view, Li's submissions to date allege damages too generally and lack facts

alleged with sufficient particularity to meet this standard.  Li is hereby ORDERED to file with

this court and serve on counsel, on or before May 29, 2015, an affidavit, with any appropriate

exhibits that Li seeks to include, which satisfies the standard of alleging facts with sufficient

particularity that indicate that it is not a legal certainty that the claim involves less than the

$75,000 jurisdictional threshold.  His failure to do so may result in a complete denial of his

motion for leave to amend the complaint on the ground that allowing that motion would be an

exercise in futility.  The court will take up the motion to dismiss the original complaint on Rule

12(b)(6) grounds, should it deny the motion to amend.[4]

It is so ordered.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[4]  "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."  Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor, 62 F.3d 37, 39 (1st Cir. 1995).