UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAOGUANG LI,<br>    Plaintiff,<br><br>    v.<br><br>ELIZABETH HAYES,<br>    Defendant. | )<br>)<br>)<br>)    **CIVIL ACTION**<br>)    **NO. 14-40117-DHH**<br>)<br>)<br>) |

**ORDER**
**June 10, 2015**

Hennessy, M.J.

This order addresses the pending motion by pro se Plaintiff Shaoguang Li for leave to amend his complaint. (Docket #44).[1] The Defendant, Elizabeth Hayes, opposed the motion. The parties appeared at a hearing on April 15, 2015. (Docket #64). Thereafter, this court issued an Order denying Li's motion for leave to amend as to three of the four claims proposed by Li, because pleading defects in these proposed claims would make amendment futile. (Docket #65). With respect to the fourth proposed claim, which alleges intentional infliction of emotional distress, the court determined that before it could consider the merits of the proposed claim, the court must first be satisfied that Li had alleged facts with sufficient particularity that indicate that it is not a legal certainty that the claim involves less than the $75,000 jurisdictional threshold set out at 28 U.S.C.

---

[1] Li filed his motion without a supporting memorandum, or a proposed amended complaint. Li was ordered to file these. (Docket #51). On April 8, 2015, Li filed a memorandum in support of his motion, with the proposed amended complaint attached as an exhibit. (Dockets #59, and #59-1).

1

§ 1332.² See Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012). Li filed an affidavit in support of the amount-in-controversy requirement. (Docket #67). Having reviewed the affidavit, this court is satisfied that Li has established the jurisdictional basis for bringing suit in federal court.

Turning then to the claim for intentional infliction of emotional distress, alleged at paragraph 5(d) of the proposed amended complaint (Docket #59-1), in order to assess whether leave to amend the complaint should be granted, this court is guided by Fed. R. Civ. P. 15(a), which requires that leave to amend a complaint "shall be freely given when justice so requires." In practice, this means that a motion to amend should be granted unless it is apparent that it would be futile or reward undue or intended delay.³ Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). Where, as here, leave to amend is sought prior to the completion of discovery and motions for summary judgment, the standard for futility is whether the complaint, as amended, would survive a motion to dismiss under Rule 12(b)(6). See Villanueva v. U.S., 662 F.3d 124, 127-28 (1st Cir. 2011) (affirming district court's dismissal of complaint where proposed amended complaint did not establish subject matter jurisdiction); Adorno v. Crowley Towing and Transp. Cor., 443 F.3d 122, 126 (1st Cir. 2006).

Whether dismissal under Rule 12(b)(6) is warranted turns on the complaint's compliance with Fed. R. Civ. P. 8(a)(2). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see

---

² See Feliciano v. Rullan, 303 F.3d 1, 6 (1st Cir. 2002) ("[T]he preferred – and often the obligatory – practice is that a court, when confronted with a colorable challenge to its subject-matter jurisdiction should resolve that question before weighing the merits of a pending action."); see also Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor, 62 F.3d 37, 39 (1st Cir. 1995) ("When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first.").

³ This court has previously found that the motion for leave to amend is not based on bad faith or dilatory motive, or offered with undue delay. See Forman v. Davis, 371 U.S. 178, 182 (1962).

Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 8 (1st Cir. 2011) (discussing Twombly). Rule 8(a)(2) requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading requirement is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation omitted). In Twombly, the Court explained that this requirement does not demand "detailed factual allegations," but it does demand that a plaintiff provide enough by way of factual allegations to show that the pleader is entitled to relief. Id. A complaint makes this showing when its factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Ocasio-Hernandez, 640 F.3d at 8 (quoting Twombly). A complaint fails to make this showing when it depends on "labels and conclusions, and a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555. "[S]omething beyond the mere possibility of loss causation must be alleged lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." Id. quoting Dura Pharmaceuticals, Inc. v. Broudo, 554 U.S. 336, 347 (emphasis original) (internal quotation marks omitted).

Twombly illustrates the application of this standard. There, in assessing the sufficiency of a complaint alleging a combination in restraint of trade, in violation of antitrust law, the Court disregarded allegations that the defendant Baby Bells had "entered into a contract, combination or conspiracy," and had "agreed not to compete with one another." 550 U.S. at 564-65. These allegations, the Court found, were merely legal conclusions that depended on other allegations of parallel conduct, id., and allegations of parallel conduct fail to conclusively establish an illegal agreement. Id., at 556-57. Similarly, in Ashcroft v Iqbal, 556 U.S. 662 (2009), the Court

3

separated from the sufficiency calculus, and disregarded, Iqbal's allegations that the defendants "knew of, condoned, and willfully and maliciously agreed to subject [the plaintiff] to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin," because these were legal conclusions and not factual allegations. Id. at 680 (alteration omitted) (internal quotation marks omitted). The Court reasoned that such general, conclusory allegations, which did nothing more than parrot the legal standard for the claims asserted, should be rejected. Id. at 681. The Court emphasized that in assessing a Rule 12(b)(6) challenge, a court must look only to those well-pleaded non-conclusory allegations to determine whether they plausibly give rise to an entitlement to relief. Id.

Applying these principles here to the only remaining claim in the proposed amended complaint -- for intentional infliction of emotional distress -- a plaintiff must allege facts showing:

> (1) that the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of his conduct, but also (2) that the defendant's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community, (3) the actions of the defendant were the cause of the plaintiff's distress, and (4) the emotional distress suffered by the plaintiff was severe and of such a nature that no reasonable person could be expected to endure it.

Tetrault v. Mahoney, Hawkes, & Goldings, 425 Mass. 456, 466 (1997) (quoting Payton v. Abbott Labs, 386 Mass. 540, 555 (1982)). Here, Li's proposed amended complaint alleges the following:

> The Plaintiff has a legal case in Worcester Superior Court, and had a hearing on January 24, 2013. The Plaintiff asked for a transcript of this hearing, and the defendant handled this work. In her preparation of the hearing transcript, the Defendant deliberately altered the content of the January 24, 2013 court hearing in Worcester Superior Court to help to cover up a lie by the defense attorney in that Worcester Superior Court case. As a result, the defendant caused severe financial physical and spiritual damages to the Plaintiff.

4

(Docket #59-1, par. 4). Based on these general allegations, Li alleges that

> The Defendant clearly knew that forging or falsifying the January 24, 2013 court hearing transcript was to cause harm to the Plaintiff, and in fact, the Defendant's illegal act has caused severe financial physical and spiritual damages to the Plaintiff.

(Id., par. 5(d)). Li's proposed amended complaint fails to allege enough to raise the claim from speculative to plausible. Among other things, the amended complaint does not describe what was at stake in Li's Superior Court case. It fails to describe what statement or statements -- assuming there was more than one -- in the proceedings the Defendant altered, or the materiality of the alterations to the transcript. Such minimal factual pleading would show whether the alterations could cause the severe emotional distress Li alleges and nudge the claim across the line of plausibility. The allegation that the Defendant Hayes altered the transcript of the proceeding to "help cover up a lie by the defense attorney" is insufficient. It is a bare assertion lacking any factual support. In many ways, it is akin to the conclusory allegations the Court disregarded in Twombly and Iqbal in assessing the sufficiency of the complaints in those cases. While such an allegation can "provide the framework of a complaint," Iqbal, 556 U.S. at 679, Li fails in his obligation to provide factual allegations to support this assertion. Certainly, one can imagine that a deliberate mis-transcription of a material matter that is intended to conceal a lie by an officer of the court could cause severe emotional distress to a litigant. But, as drafted, the proposed amended complaint "stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 550 U.S at 557. In sum, the Rule 8 statement, even when submitted by a pro se plaintiff, must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506,

512 (2002)).  Li's complaint fails in this regard, and unfairly exposes the Defendant to the expense of litigation on the basis of a proposed complaint that, at the end of the day, simply does nothing more than allege the possibility of liability.  Accordingly, insofar as the amended complaint proposed by Li does not contain well-pleaded factual allegations, this court finds that justice does not require allowing the amendment; thus, leave to amend is denied.

Moreover, for the same reasons discussed above, Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) (Docket #38) to dismiss the original complaint filed by Li (Docket #1) is GRANTED.  The allegations, which are identical to the allegations in the proposed amended complaint, are insufficient to state a plausible claim or show Li is entitled to relief.  It is simply impossible for the Defendant to have fair notice of what she is alleged to have done.  Swierkiewicz, 534 U.S. at 512.

## CONCLUSION

For the foregoing reasons, the motion for leave to amend the complaint (Docket #44) to include the claim alleged at paragraph 5(d) is DENIED.  The defendant's motion to dismiss the original complaint (Docket #38) is GRANTED.  This case shall be dismissed with prejudice.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE